[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15008
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00032-RH-WCS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMEY ALEXANDER MURPHY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 16, 2012)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Jamey Alexander Murphy appeals his total 270-month sentence, imposed

after pleading guilty to conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii), and 846 ("Count 1"); possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii) ("Count 2"); and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count 3").   Murphy attacks his sentence as procedurally and substantively unreasonable.   First, he argues that the district court did not make an individualized finding regarding the drug quantity reasonably foreseeable to him.   Second, he argues that the length of the sentence is unreasonable, and that the court unfairly emphasized his criminal history over the other 18 U.S.C. § 3553(a) factors.

We review a sentence for reasonableness under a deferential abuse-of-discretion standard.   *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).   The party challenging the sentence has the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors.   *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law,

2

provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, and the pertinent policy statements of the Sentencing Commission. *See generally id.* § 3553(a)(1), (3)-(7).

We must first "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51, 128 S.Ct at 597. Once we determine that a sentence is procedurally reasonable, we examine whether the sentence is substantively reasonable, taking into account the totality of the circumstances. *Id.*; *United States v. Livesay*, 525 F.3d 1081, 1091 (11th Cir. 2008).

A sentence may be substantively unreasonable if the district court arbitrarily selects the sentence, bases the sentence on impermissible factors, or fails to consider pertinent § 3553(a) factors. *United States v. Pugh*, 515 F.3d 1179, 1191-92 (11th

Cir. 2008).   We ordinarily expect a sentence falling within the guidelines range to be reasonable.   *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).   A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence.   *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).   We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."   *Pugh*, 515 F.3d at 1191 (quotation omitted).

Murphy fails to demonstrate that his sentence is procedurally or substantively unreasonable.   The court calculated the drug quantity from Murphy's own statements regarding his cocaine purchases over 18 months.   Along with his prior convictions, the court considered his positive characteristics and the nature and circumstances of the offense.   Further, Murphy's 210-month sentence on Counts 1 and 2 was the lowest choice in the applicable guideline range of 210 to 262 months' imprisonment, and well below the statutory maximum terms of imprisonment, life or 40 years, respectively.

Upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, we affirm.

**AFFIRMED.**

4